AB220-138379-01 218A-49201-1F PJD/cr

~~SUPREME COURT OF THE STATE OF NEW YORK~~ USDC
~~COUNTY OF NEW YORK~~ District of NY 07 CIV 8254

ELVIS BONILLA, MICHAEL ESPAILLAT, an infant
by his Father and Natural Guardian, ELVIS BONILLA,

**NOTICE OF REMOVAL**
**Trial By Jury Demanded**

Plaintiffs

-against-

**Index No. 117031/06**

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

Defendants

------------------------------------------------------------------X

Defendants BENNETT TRUCK TRANSPORT, LLC. sued herein as "BENNETT

TRUCK TRANSPORTATION" and EDDIE HOWARD by its attorneys ROBIN, HARRIS,

KING & FODERA, in the above-entitled case, states:

    1.    Defendant desires to exercise its rights under the provisions of Title 28 U.S.C.

§1441, *et seq.*, to remove this action from the Supreme Court of the State of New York, New York

County, in which Court said action is now pending under the caption " Elvis Bonilla, Michael

Espaillat, an infant by his Father and Natural Guardian, Elvis Bonilla, Plaintiffs against Bennett

Truck  Transportation and Eddie Howard,  Defendants," index number 117031/06.

    2.    This is a civil action in which the District Courts of the United States have been

given jurisdiction in that there exists diversity of citizenship between plaintiffs and defendants,

and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and

thus there is original jurisdiction in the District Courts of the United States as provided in 28

U.S.C. §1332.

    3.    Under the provisions of 28 U.S.C. §1441, *et seq.,* the right exists to remove this

case from the Supreme Court of the State of New York, New York County to the United States

District Court for the Southern District of New York, which embraces the place where this action

is pending.

2007-Sep-24 02:35 PM Liberty Mutual Ins. Co. 2127093100                                    2/68
Case 1:07-cv-08254-GEL    Document 1    Filed 09/21/2007    Page 2 of 68

4.    This action involves a controversy between a citizen of different states. Plaintiff, ELVIS BONILLA, is now and was at the commencement of this action, citizens of the State of New York residing at 90 Baruch Drive, New York, New York 10002. Plaintiff, MICHAEL ESPAILLAT, is now and was at the commencement of this action, a citizen of the State of New York residing at 50 Avenue D, New York, New York 10009. The defendant, BENNETT TRUCK TRANSPORT, LLC. sued herein as "BENNETT TRUCK TRANSPORTATION" is now and was at the commencement of this action a limited liability company organized and existing under the laws of the State of Georgia with its principle place of business in the State of Georgia and was not and is not a citizen of the State of New York. The cause of action arose in the State of New York.. Defendant, EDDIE HOWARD, is an individual who is now and was at the commencement of this action a citizen of the State of Pennsylvania residing at 123 Rote Hollow Road, Millville, PA 17846 and was not and is not a citizen of the State of New York.

5.    Plaintiffs commenced this action by filing the summons and complaint on November 14, 2006 in Supreme Court of the State of New York, New York County and served defendants on or about November 24, 2006.

6.    The Plaintiffs' complaint fails to set forth the amount of monetary damages they are seeking.

7.    On January 4, 2007 defendants served a verified answer along with a demand that plaintiffs set forth the total damages to which plaintiffs deem themselves entitled. Plaintiffs failed to respond to this demand. Defendants then served a motion to compel plaintiffs to provide a response to defendants' demand for a statement of total damages on August 13, 2007. Plaintiffs served opposition to this motion on August 24, 2007 in which they asserted a claim for one million dollars ($1,000,000.00) in total for the two plaintiffs.

8.    In accordance with the requirements of 28 U.S.C. §1446, this petition for removal is filed within 30 days after receiving knowledge that this action involves an amount in controversy exceeding $75,000.00 and thus is removable.

9.    Pursuant to the provisions of 28 U.S.C. §1446, defendants attach herewith and incorporate herein by reference copies of the following documents in this action:

     a)    Plaintiff's Summons and Verified Complaint, dated November 7, 2006, (Exhibit A).

     b)    Defendants' Verified Answer and Demand for Ad Damnum dated January 3, 2007 and January 4, 2007 respectively, (Exhibit B).

     c)    Defendants' request for Judicial Intervention and Notice of Motion to compel a response to demand for a statement of total damages, with attachments, dated August 13, 2007, (Exhibit C).

     d)    Plaintiffs' Affirmation In Opposition dated August 24, 2007, (Exhibit D).

10..    By reason of the above, defendants desire and are entitled to have this action removed from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York, such being the district where said suit is pending.

11.    Written notice of the filing of this petition will be given to adverse parties as required by law.

12.    A true copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, defendants pray that this action be removed to this Court and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
      September 20, 2007

Yours, etc.

By: _____
DOREEN J. CORREIA (DJC:3075)
Associated with the Law Office
ROBIN, HARRIS, KING, & FODERA
Attorneys for Defendants
BENNETT TRUCK TRANSPORT, LLC
s/h/a "BENNETT TRUCK TRANSPORTATION"
and EDDIE HOWARD
One Battery Park Plaza, 30th Floor
New York, New York 10004
(212) 487-9701

TO:

LAW OFFICES OF
MICHAEL S. LAMONSOFF
Attorneys for Plaintiffs
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

**EXHIBIT A**

Dec 20 06 Case 1:07-cv-08254-GEL Document 1   Filed 09/21/2007   Page 6 of 68
Claims                          (Bor) 778-6222      P.4

*BM #LIA 060084*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------X
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant
by his Father and Natural Guardian, ELVIS BONILLA,

Plaintiffs,

-against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

Defendants.

-------------------------------------------------X

Index No.: *11 7031/06*
Date Purchased: *11/14/06*

**SUMMONS**

Plaintiff designates NEW YORK
as the place of trial.

The basis of venue is: Plaintiffs'
residence

Plaintiffs reside at: 90 Baruch
Drive, New York, New York
10002.

County of New York

## To the above named Defendants:

   **You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the
Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service,
where service is made by delivery upon you personally within the state, or, within 30 days after completion
of service where service is made in any other manner. In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
              November 7, 2006

                              ALINA BUSHNEVA, ESQ.
                              LAW OFFICES OF MICHAEL S. LAMONSOFF
                              Attorneys for Plaintiffs
                              80 Maiden Lane, 12th Floor
                              New York, New York 10038
                              (212) 962-1020
                              Our File No. 9834

TO:    BENNETT TRUCK TRANSPORTATION
       1603 Mill Street
       Rock Island, IL 61201

       EDDIE HOWARD
       123 Rote Hollow Road
       Millville, PA 17846

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEC 2 7 2006

------------------------------------------------------X

ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA.

**VERIFIED COMPLAINT**

Plaintiffs,

Index No.: 117031/06

-against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD.

Defendants.

------------------------------------------------------X

Plaintiffs, by their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ELVIS BONILLA

1.      At all times herein mentioned, Plaintiff, **ELVIS BONILLA,** was, and still is, a resident of the County, City and State of New York.

2.      At all times herein mentioned, Plaintiff, **MICHAEL ESPAILLAT**, an infant by his father and natural guardian, **ELVIS BONILLA**, was and still is, a resident of the County, City and State of New York.

3.      At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

4.      At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

5.      At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a domestic business company duly authorized to do business in the State of New York.

6.      At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a foreign business company duly authorized to do business in the State of New York.

7.      At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**,

was and still is a foreign business company transacting business with the State of New York.

8.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a domestic limited partnership duly organized and existing under and by virtue of the laws of the State of New York.

9.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a foreign limited partnership duly organized and existing under and by virtue of the laws of the State of New York.

10.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a domestic general partnership duly organized and existing under and by virtue of the laws of the State of New York.

11.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, was and still is a foreign general partnership duly organized and existing under and by virtue of the laws of the State of New York.

12.    That at all times hereinafter mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION,** was a domestic sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

13.    That at all times hereinafter mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION,** was a foreign sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

14.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, maintained a principal place of business in the State of Illinois at 1603 Mill Street, Rock Island, IL 61201.

15.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, owned a 1998 truck bearing Illinois State plate number E575297.

16.    At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION**, controlled the aforementioned motor vehicle.

2

17.     At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION,** managed the aforementioned motor vehicle.

18.     At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION,** maintained the aforementioned motor vehicle.

19.     At all times herein mentioned, Defendant, **BENNETT TRUCK TRANSPORTATION,** repaired the aforementioned motor vehicle.

20.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** operated a 1998 truck bearing Illinois State license plate number E575297.

21.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** controlled the aforementioned motor vehicle.

22.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** managed the aforementioned motor vehicle.

23.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** maintained the aforementioned motor vehicle.

24.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** repaired the aforementioned motor vehicle.

25.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** operated the aforementioned motor vehicle with the knowledge of the Defendant-owner, **BENNETT TRUCK TRANSPORTATION.**

26.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** operated the aforementioned motor vehicle with the express permission of the Defendant-owner, **BENNETT TRUCK TRANSPORTATION.**

27.     At all times herein mentioned, Defendant, **EDDIE HOWARD,** operated the aforementioned motor vehicle with the implied permission of the Defendant-owner, **BENNETT TRUCK TRANSPORTATION.**

3

28.    At all times herein mentioned, Defendant, **EDDIE HOWARD**, operated the aforementioned motor vehicle with the express consent of the Defendant-owner, **BENNETT TRUCK TRANSPORTATION.**

29.    At all times herein mentioned, Defendant, **EDDIE HOWARD**, operated the aforementioned motor vehicle with the implied consent of the Defendant-owner, **BENNETT TRUCK TRANSPORTATION.**

30.    At all times herein mentioned, Defendant, **EDDIE HOWARD**, was employed with Defendant, **BENNETT TRUCK TRANSPORTATION.**

31.    At all times herein mentioned, Defendant, **EDDIE HOWARD**, operated the aforementioned motor vehicle within the course of his employment with Defendant, **BENNETT TRUCK TRANSPORTATION.**

32.    That on July 18, 2006 and at all times hereinafter mentioned, East 81st Street at or near its intersection with Second Avenue, County, City and State of New York, were public roadways and/or thoroughfares used by residents of the State of New York and others.

33.    That on July 18, 2006, Defendant, **EDDIE HOWARD**, operated a 1998 truck owned by Defendant, **BENNETT TRUCK TRANSPORTATION**, bearing Illinois State license plate number E575297 at the aforementioned location.

34.    That on July 18, 2006, Plaintiff, **ELVIS BONILLA**, operated his 1995 Ford motor vehicle bearing New York State license plate number DDG6779 at the aforementioned location.

35.    That on July 18, 2006, Plaintiff, **MICHAEL ESPAILLAT**, was a lawful passenger in the motor vehicle operated by Plaintiff, **ELVIS BONILLA.**

36.    That on July 18, 2006, the vehicle owned by Defendant, **BENNETT TRUCK TRANSPORTATION**, and operated by Defendant, **EDDIE HOWARD**, came in contact with plaintiff, **ELVIS BONILLA's**, motor vehicle.

37.    That on July 18, 2006, the vehicle owned by Defendant, **BENNETT TRUCK**

4

TRANSPORTATION, and operated by Defendant, **EDDIE HOWARD**, came in contact the motor vehicle, plaintiff, **MICHAEL ESPAILLAT**, was a passenger in.

38.    That on July 18, 2006, the vehicle owned by Defendant, **BENNETT TRUCK TRANSPORTATION**, and operated by Defendant, **EDDIE HOWARD**, violently collided into the motor vehicle operated by Plaintiff, **ELVIS BONILLA**.

39.    That on July 18, 2006, the vehicle owned by Defendant, **BENNETT TRUCK TRANSPORTATION**, and operated by Defendant, **EDDIE HOWARD**, violently collided into the motor vehicle plaintiff, **MICHAEL ESPAILLAT**, was a passenger in.

40    That as a result of the aforesaid contact, Plaintiff, **ELVIS BONILLA**, was injured.

41.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

42.    That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless.

43.    That Defendant, **BENNETT TRUCK TRANSPORTATION**, was negligent, careless and reckless in the hiring, retention and supervision of the defendant, **EDDIE HOWARD**.

44.    That by reason of the foregoing, Plaintiff, **ELVIS BONILLA**, sustained severe and permanent personal injuries; and Plaintiff, **ELVIS BONILLA**, was otherwise damaged.

45.    That Plaintiff, **ELVIS BONILLA**, sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

46.    That Plaintiff, **ELVIS BONILLA**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

47.    That Plaintiff, **ELVIS BONILLA**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse

Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

48.     That this action falls within one or more of the exceptions as set forth in CPLR §1602.

49.     That by reason of the foregoing, Plaintiff, **ELVIS BONILLA**, has been damaged in the amount which exceeds the jurisdictional limits of all lower courts, which otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF MICHAEL ESPAILLAT

50.     That at all times hereinafter mentioned, Plaintiff, **MICHAEL ESPAILLAT, by his father and natural guardian, ELVIS BONILLA,** repeats, reiterates and realleges each and every allegation contained herein as though same more fully set forth herein at length.

51.     That as a result of the aforesaid contact, Plaintiff, **MICHAEL ESPAILLAT**, was injured.

52.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

53.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless in the premises.

54.     That Defendants were negligent, careless and reckless in the hiring, retention and supervision of the defendants, who caused the accident herein.

55.     That by reason of the foregoing, Plaintiff, **MICHAEL ESPAILLAT**, sustained severe and permanent personal injuries; and Plaintiff, **MICHAEL ESPAILLAT**, was otherwise damaged.

56.     That Plaintiff, **MICHAEL ESPAILLAT**, sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

57.     That Plaintiff, **MICHAEL ESPAILLAT**, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

58.     That Plaintiff, **MICHAEL ESPAILLAT**, is not seeking to recover any damages for which

6

Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-faul insurance under the facts and circumstances in this action.

59.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

60.    That by reason of the foregoing, plaintiff, **MICHAEL ESPAILLAT**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF ELVIS BONILLA

61.    Plaintiff, **ELVIS BONILLA**, repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs herein, as though the same were fully set forth at length herein.

62.    That due to the collision that occurred on July 18, 2006, Plaintiff, **ELVIS BONILLA**'s, 1995 Ford motor vehicle bearing New York State license plate number DDG6779 was damaged.

63.    That due to the collision that occurred on July 18, 2006, Plaintiff, **ELVIS BONILLA**, incurred expenses for the towing, storage, loss of use, car rental and repair of his 1995 Ford motor vehicle bearing New York State license plate number DDG6779.

64.    That by reason of the foregoing, Plaintiff, **ELVIS BONILLA**, was damaged in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiffs demand judgment against the defendants for each cause of action herein for a sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: New York, New York
       November 7, 2006

                                Yours, etc.

                                ALINA BUSHNEVA, ESQ.
                                LAW OFFICES OF MICHAEL S. LAMONSOFF
                                Attorneys for Plaintiff
                                80 Maiden Lane, 12th Floor
                                New York, New York 10038

                                            7

# ATTORNEY'S VERIFICATION

**ALINA BUSHNEVA**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, attorneys of record for Plaintiff(s), **ELVIS BONILLA & MICHAEL ESPAILLAT.** I have read the annexed

## SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff(s) is because Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

Dated:          New York, New York
                November 7, 2006

                                        _____
                                                ALINA BUSHNEVA

(212) 962-1020
Our File No. 9834

TO:
BENNETT TRUCK TRANSPORTATION
1603 Mill Street
Rock Island, IL 61201

EDDIE HOWARD
123 Rote Hollow Road
Millville, PA 17846

8

#492017C

(1.4)


464961

| | INDEX NO: 117031/06 |
| --- | --- |
| | FILE DATE: 7/31/2006 |

**SUPREME COURT OF NEW YORK**

**NEW YORK**

| | ATTY: MICHAEL S. LAMONSOFF, ESQ. |
| --- | --- |
| | 80 MAIDEN LANE 12TH FL |
| | NEW YORK, NY 10038 |

**STATE OF NEW YORK: COUNTY OF    NEW YORK**

| EPS # | 460270 |
| --- | --- |
| Attorney File # | 9834 |
| Batch # | 0 |

ELVIS BONILLA, MICHAEL ESPAILLAT, AN INFANT BY HIS FATHER
AND NATURAL GUARDIAN, ELVIS BONILLA                                    **Plaintiff(s)**

- against -

BENNETT TRUCK TRANSPORTATION AND EDDIE HOWARD                    **Defendant(s)**

---

**STATE OF NEW YORK, COUNTY OF QUEENS: SS:**

YOLER JEAN BAPTISTE BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 11/24/2006 at 12:23PM at 123 WILLIAMS STREET, NEW YORK, NY, deponent served the within SUMMONS & VERIFIED
COMPLAINT on EDDIE HOWARD. At time of service the index number and date of filing were on the SUMMONS & VERIFIED
COMPLAINT

**CORPORATION**

By delivering to and leaving with EDDIE HOWARD and that the deponent knew the person so served to be the GENERAL
AGENT, MR. CHRIS, AUTHORIZED TO ACCEPT ON BEHALF of the corporation.

**A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS
FOLLOWS:**

Approximate age:        **60**        Approximate weight:  **220**
Color of skin:  **WHITE**            Color of hair:  **GRAY**        Approximate height:  **5'8"**
                                                                                    Sex:  **M**
SERVED AT SECRETARY OF STATE, 123 WILLIAMS STREET, NEW YORK, NY SENT
VIA FIRST CLASS, CERTIFIED MAIL RETURN RECEIPT REQUESTED ALONG WITH A
COPY OF AFFIDAVIT OF SERVICE TO EDDIE HOWARD AT 123 ROTE HOLLOW
ROAD, MILLVILLE, PA 17846 PER VEH & TR LAW ON 12/4/06

Sworn to before me on  12/4/06

| LUIS A CRESPO | KEVIN T. MACTIERNAN | ARTAK RAEVSKY | LORRE A. DUNNE |
| --- | --- | --- | --- |
| Commissioner of Deeds | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK |
| City of New York No. 4-4920 | No. 01MA6108632 | No. 01RA6123189 | No. 01DU6016358 |
| Certificate Filed in Queens County | Qualified in Nassau County | Qualified in Queens County | Qualified in Queens County |
| Commission Expires Aug. 1, 2007 | Commission Expires 4/19/2008 | Commission Expires 2/28/2009 | Commission Expires 11/16/2010 |

NP

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

**EXHIBIT B**

AB220-138379-01; 49201/1C; PJD; jh

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA

                           Plaintiffs

                -against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

                       Defendants
-------------------------------------------------------------------x

**VERIFIED
ANSWER**

Index #117031/06

Defendants, BENNET TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK

TRANSPORTATION and EDDIE HOWARD, appearing herein by ROBIN, HARRIS, KING,

FODERA & RICHMAN, their attorneys, answering the Complaint of the plaintiffs herein:

### ANSWERING A FIRST CAUSE OF ACTION

1.    Denies any knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs designated "1", "2", "32", "34", "35", "47" and "48" of

the Complaint.

2.    Denies each and every allegation contained in paragraphs designated "3", "5", "6",

"7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "27", "29", "30", "31", "33", "36", "37",

"38", "39", "40", "41", "42", "43", "44", "45","46" and "49" of the Complaint.

3.    Denies each and every allegation contained in paragraphs designated "17", "18"

and "19" of the Complaint and begs leave to refer all questions of law to the Court.

4.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "21", "22", "23" and "24" of the Complaint and begs leave to refer all questions of law to the Court.

5.     Denies each and every allegation contained in paragraphs designated "25", "26" and "28" of the Complaint except admits that at all times hereinafter mentioned defendant EDDIE HOWARD operated the aforementioned vehicle pursuant to the Standard Independent Contractor Owner/Operator Agreement as generally recognized in the transportation industry to which defendants are parties.

### ANSWERING A SECOND CAUSE OF ACTION

6.     Defendants repeat and reiterate all of the admissions and denials contained in the foregoing Answer with reference to those paragraphs repeated and reiterated in paragraph designated "50" of the Complaint.

7.     Denies each and every allegation contained in paragraphs designated "51", "52", "53", "54", "55", "56", "57" and "60" of the Complaint.

8.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated  "58" and "59" of the Complaint.

### ANSWERING A THIRD CAUSE OF ACTION

9.     Defendant repeats and reiterates all of the admissions and denials contained in the foregoing Answer with reference to those paragraphs repeated and reiterated in paragraph designated "61" of the Complaint.

10.     Denies each and every allegation contained in paragraphs designated "62", "63" and "64" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS ALLEGE UPON INFORMATON AND BELIEF:

11.    That the accident alleged in the Complaint and the injuries and damages alleged therein to have been incurred by the plaintiff were proximately caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiffs herein.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE
COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS
ALLEGE UPON INFORMATION AND BELIEF:**

12.    That the injuries and damages allegedly sustained by the plaintiff, if any, were contributed to or caused by the failure of said plaintiff to use the seatbelt and other safety restraining equipment provided in the motor vehicle.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE
COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS
ALLEGE UPON INFORMATION AND BELIEF:**

13.    That if the answering defendants are held liable in this case, their liability is limited pursuant to Article 16 of the CPLR to their equitable share determined with the relative culpability of each person or party causing or contributing to the total liability of non-economic loss.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE
COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS
ALLEGE UPON INFORMATION AND BELIEF:**

14.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainly be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545[c] of the New York City Practice Law and Rules.

15. If any damages are recoverable against these said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiffs have or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, AS TO DEFENDANT BENNETT TRUCK TRANSPORT, LLC

16. That pursuant to the Standard Independent Contractor Owner/Operator Agreement as generally recognized in the transportation industry, the vehicle alleged to have been involved in the incident which is the subject of this action was and is only subject to such control by Bennett Truck Transport, LLC as is required under applicable federal regulations governing such owner/operator lease agreements.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF ELVIS BONILLA, DEFENDANTS ALLEGE:

17. That if the plaintiff MICHAEL ESPAILLAT, an infant, sustained the injuries and damages alleged in the plaintiffs' Complaint in the manner therein alleged, all of which has been denied by the defendants, through any fault other than his own, then such injuries and damages were caused by the active, affirmative and primary negligence of plaintiff ELVIS BONILLA.

18. That by reason of the foregoing, the defendants are or will be entitled to have judgment over and against the plaintiff ELVIS BONILLA, in whole or in part as to any sum awarded to the plaintiff MICHAEL ESPAILLAT, an infant, against the defendants BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD.

WHEREFORE, defendants BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD demand judgment dismissing the Complaint of the plaintiffs with costs and disbursements or in the event that plaintiff MICHAEL

ESPAILLAT, an infant, recovers any sum against the defendants, then the defendants demand judgment over and against the plaintiff ELVIS BONILLA as to any amount awarded to the plaintiff MICHAEL ESPAILLAT, an infant, together with the costs and disbursements of the defense of this action.

Dated: New York, New York
       January 3, 2007

                              Yours, etc.,

                              ROBIN, HARRIS, KING, FODERA
                              & RICHMAN
                              Attorneys for Defendants
                              Bennett Truck Transport, LLC s/h/a
                              Bennett Truck Transportation and
                              Eddie Howard
                              One Battery Park Plaza - 30th Floor
                              New York, New York 10004
                              (212) 487-9701

                              By: _Philip J. DiBernardi_____
                                   PHILIP J. DeBERNARDIS

TO:   Law Offices of MICHAEL S. LAMONSOFF
      Attorneys for Plaintiffs
      80 Maiden Lane - 12th Floor
      New York, NY 10038
      (212) 962-1020

## ATTORNEY VERIFICATION

PHILIP J. DeBERNARDIS, an attorney associated with ROBIN, HARRIS, KING, FODERA & RICHMAN, the attorneys for the defendant herein, with offices at One Battery Park Plaza, Suite 3018, in the City of New York, County of New York affirms the truth of the following; that he has read the foregoing Answer to Complaint and knows the contents thereof, and that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the reason why this verification is made by deponent and not by the defendant is that defendant is a foreign corporation. That the sources of deponent's information and the grounds of his belief as to all matters in the foregoing answer not therein stated upon his knowledge are records, reports and correspondence in connection with this matter reviewed by your deponent.

Dated: New York, New York
January 3, 2007

PHILIP J. DeBERNARDIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA,

                       Plaintiffs

      -against-

BENNETT TRUCK TRANSPORATION and EDDIE
HOWARD,

                     Defendants
------------------------------------------------------------------------x

**DEMAND FOR
AD DAMNUM**

Index # 117031/06

PLEASE TAKE NOTICE, that pursuant to CPLR Section 3017(c), defendants BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORATION and EDDIE HOWARD, hereby demand that plaintiffs, serve upon the undersigned, within fifteen (15) days from the date of service hereof, a supplemental demand for relief setting forth the total damages to which he deems herself entitled.

Dated: New York, New York
      January 4, 2007

                Yours, etc.,

                ROBIN, HARRIS, KING, FODERA
                & RICHMAN
                Attorneys for Defendants
                Bennett Truck Transport, LLC s/h/a
                Bennett Truck Transportation and
                Eddie Howard
                One Battery Park Plaza - 30th Floor
                New York, New York  10004
                (212) 487-9701

                By: _____
                    PHILIP J. DeBERNARDIS

TO:    Law Offices of MICHAEL S. LAMONSOFF
       Attorneys for Plaintiffs
       80 Maiden Lane - 12th Floor
       New York, NY  10038
       (212) 962-1020

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK

|
ss.:

COUNTY OF NEW YORK

_____ **Philip J. DeBernardis** _____, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and is an attorney in the offices of Robin, Harris, King, Fodera & Richman. On the _____4th_____ day of January, 2007 deponent served the within *Verified Answer, Demand for Verified Bill of Particulars, Combined Demands, Notice for Physical Examination, Notice for EBT, Demand for Ad Damnum*, upon the respective parties in this action:

Law Offices of MICHAEL S. LAMONSOFF
Attorneys for Plaintiffs
80 Maiden Lane - 12th Floor
New York, NY 10038

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me on
the _4th_ day of January, 2007

_____
Notary Public

JANET HVIDONOV
NOTARY PUBLIC, State of New York
No. 4810160, Suffolk County
Commission Expires Nov. 2, 2005

**EXHIBIT C**

UCS-840 (REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

For Clerk Only

PREME _____ COURT, NEW YORK _____ COUNTY INDEX NO. DATE PURCHASED:
117031/06

INTIFF(S): ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his Father
& Natural Guardian, ELVIS BONILLA

IAS entry date

ENDANT(S): BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD

Judge Assigned

RJI Date

:e issued joined: 1/4/07 _____ Bill of particulars served (Y/N): [ ]Yes [X]No

## TURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

Request for preliminary conference
Note of issue and/or certificate of
readiness
Notice of motion (return date: 8/28/07 )
Relief sought TO COMPEL
Order to show cause
(clerk enter return date: _____ )
Relief sought
Other ex parte application (specify:
_____ )

[ ]Notice of petition (return date: _____ )
  Relief sought _____
[ ]Notice of medical or dental malpractice
  action(specify: _____ )
[ ]Statement of net worth
[ ]Writ of habeas corpus
[ ]Other (specify: _____ )

## TURE OF ACTION OR PROCEEDING (Check ONE box only)

| TRIMONIAL | | Malpractice | |
|---|---|---|---|
| Contested | -CM | [ ]Medical/Podiatric | -MM |
| Uncontested | -UM | [ ]Dental | -DM |
| | | [ ]*Other Professional | -OPM |
| **MERCIAL** | | | |
| Contract | -CONT | [X]Motor Vehicle | -MV |
| Corporate | -CORP | [ ]*Products Liability | -PL |
| Insurance (where insurer is a | | | |
| party, except arbitration) | -INS | [ ]Environmental | -EN |
| UCC (including sales, negotiable | -UCC | [ ]Asbestos | -ASB |
| instruments) | | [ ]Breast Implant | -BI |
| *Other Commercial | -OC | [ ]*Other Negligence | -OTN |
| | | [ ]*Other Tort (including | |
| **L PROPERTY** | | intentional) | -OT |
| Tax Certiorari | -TAX | | |
| Foreclosure | -FOR | **SPECIAL PROCEEDINGS** | |
| Condemnation | -COND | [ ]Art. 75 (Arbitration) | -ART75 |
| Landlord/Tenant | -LT | [ ]Art. 77 (Trusts) | -ART77 |
| *Other Real Property | -ORP | [ ]Art. 78 | -ART78 |
| | | [ ]Electric Law | -ELEC |
| | | [ ]Guardianship (MHL Art. 81) | -GUARD81 |
| **ER MATTERS** | | [ ]*Other Mental Hygiene | -MHYG |
| * _____ | -OTH | [ ]*Other Special Proceeding | -OSP |

TS

:ck "YES" or "NO" for each of the following questions:

this action/proceeding against a

| | No | | Yes | No | |
|---|---|---|---|---|---|
| ; | [X] | Municipality: | [ ] | [X] | Public Authority: |
| | | (Specify _____) | | | (Specify _____) |

;     No
      [X] Does this action/proceeding seek equitable relief?
      [ ] Does this action/proceeding seek recovery for personal injury?
      [X] Does this action/proceeding seek recovery for property damage?

:-Note Time Frames:
iis applies to all cases except contested matrimonials and tax certiorari cases)

:imated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):
] Expedited: 0-8 months        ☒ Standard: 9-12 months        ☐ Complex: 13-15 months

:tested Matrimonial Cases Only:   (Check and give date)
Has summons been served?              ☐ No      ☐ Yes, Date _____
Was a Notice of No Necessity filed?   ☐ No      ☐ Yes, Date _____

'ORNEY(S) FOR PLAINTIFF(S):

| :lf ,.* | Name | Address | Phone # |
|---|---|---|---|
| ] | LAW OFFICES OF MICHAEL S. LAMONSOFF | 80 Maiden Lane, 12th Floor<br>New York, New York 10038 | (212) 962-1020 |
| ] | | | |

'ORNEY(S) FOR DEFENDANT(S):

| :lf ,.* | Name | Address | Phone # |
|---|---|---|---|
| ] | ROBIN, HARRIS, KING,FODERA & RICHMAN | One Battery Park Plaza -30th Floor<br>New York, New York 10004 | (212) 487-9701 |
| ] | | | |

lf Represented: parties representing themselves, without an attorney, should check the "Self Rep."
 and enter their name, address, and phone # in the space provided above for attorneys.

URANCE CARRIERS:
ERTY MUTUAL INSURANCE COMPANY

ATED CASES:  (if NONE, write "NONE" below)
le                    Index #            Court              Nature of Relationship
NE

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE
HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION
VIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

   NEW YORK, NEW YORK
ed:AUGUST 13, 2007 _____        _____
                                            (SIGNATURE)

                                            PHILIP J. DeBERNARDIS _____
                                            (PRINT OR TYPE NAME)

                                            Robin, Harris, King,Fodera & Richman _____
                                            (ATTORNEY FOR DEFENDANTS )


          ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ELVIS BONILLA, MICHAEL ESPAILLAT, an
Infant by his Father and Natural Guardian,
ELVIS BONILLA,

                            Plaintiffs,

               -against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

                         Defendants.
------------------------------------------------------------------X

**NOTICE OF MOTION**

**Index No.: 117031/06**

**Assigned to:**
**Justice _____**

**I.A.S. Part _____**

C O U N S E L O R S :

    PLEASE TAKE NOTICE, that upon the annexed affirmation of PHILIP J.

DEBERNARDIS, dated August 13, 2007, and upon all the papers and proceedings heretofore

had and filed herein, the undersigned will move this Court, at a Motion Support Office on the

**28th day of August, 2007,** at the Courthouse located at 60 Centre Street, Room 130, New

York, New York 10007 at 9:30 o'clock in the forenoon of that day or as soon thereafter as

counsel can be heard for an order compelling plaintiffs to provide a response to defendants'

demand for a statement of total damages pursuant to CPLR 3017 (c), and for such other and

further relief as to this Court may seem just and proper.

        PLEASE TAKE FURTHER NOTICE, that all answering affidavits are to be

served upon the attorneys for the undersigned at least seven (7) days prior to the return date of

this motion pursuant to CPLR 2214(b).

        The above entitled action is for personal injuries.

    An affirmation of good faith setting forth the efforts to resolve the issue raised in this

motion is annexed hereto.

        PLEASE TAKE FURTHER NOTICE, that the law offices of ROBIN, HARRIS, KING,

FODERA & RICHMAN will not accept service of legal papers by facsimile.

Dated: New York, New York
   August 13, 2007

         Yours etc.,

         ROBIN, HARRIS, KING,
         FODERA & RICHMAN

         By: _____
           PHILIP J. DeBERNARDIS
          Attorneys for Defendants
         BENNET TRUCK TRANSPORT, LLC.
         s/h/a "BENNETT TRUCK
         TRANSPORTATION" and EDDIE HOWARD
         One Battery Park Plaza, 30th Floor
         New York, NY 10004-1437
         212-487-9701

TO:

LAW OFFICES OF
MICHAEL S. LAMONSOFF
Attorneys for Plaintiffs
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ELVIS BONILLA, MICHAEL ESPAILLAT, an
Infant by his Father and Natural Guardian,                    **AFFIRMATION**
ELVIS BONILLA,                                                **IN SUPPORT**

                              Plaintiffs,                     **Index No.: 117031/06**

          -against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

                              Defendants.
-------------------------------------------------------------------X

          PHILIP J. DeBERNARDIS, an attorney duly admitted to practice law before the Courts

of the State of New York, hereby affirms the following under the penalty of perjury:

          1.      I am an attorney associated with the law office of ROBIN, HARRIS, KING,

FODERA & RICHMAN, the attorneys for moving defendants, BENNET TRUCK

TRANSPORT, LLC. sued herein as "BENNETT TRUCK TRANSPORTATION" and EDDIE

HOWARD in the above captioned matter, and as such am fully familiar with the facts and

circumstances herein.

          2.      This affirmation is offered in support of the within motion pursuant to CPLR

3017(c) to compel the plaintiffs to provide a response to this defendants' demand for total

damages, which was served by this office along with its answer on January 3, 2007.

          3.      This action is one to recover damages for personal injuries alleged to have been

sustained by plaintiffs on July 18, 2006 in a motor vehicle accident on East 81st Street in New

York City.

          4.      On January 3, 2007, defendants served on plaintiffs a Demand pursuant to CPLR

3017(c) for an Ad Damnum, an Answer, a Demand for a Verified Bill of Particulars, Combined

Demands, and Notice to Take Deposition, all of which are attached hereto as **Exhibit A**. As of the date of this affirmation, we have yet to receive a response to our demand for an Ad Damnum, or any authorizations for medical records for plaintiff Michael Bonilla.

5.      Plaintiffs' summons and complaint failed to set forth any ad damnum clause. CPLR 3017(c) says that upon demand, plaintiffs must set forth a supplemental demand for total damages, and it provides that the Court may order such a response upon motion.

6.      Furthermore, on April 23, 2007, this office sent a letter **(Exhibit B)** to the office of the plaintiffs' attorney in an effort to resolve this matter without the court's intervention, however, no response was received, thus necessitating the making of this motion.

WHEREFORE, it is respectfully requested that this Court grant an Order compelling plaintiffs to provide a response to defendant's demand for total damages Pursuant to CPLR 3017, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       August 13, 2007

_____
PHILIP J. DeBERNARDIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ELVIS BONILLA, MICHAEL ESPAILLAT, an
Infant by his Father and Natural Guardian,
ELVIS BONILLA,

**AFFIRMATION**
**OF GOOD FAITH**

                                     Plaintiffs,

**Index No.: 117031/06**

          -against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

                                     Defendants.
-----------------------------------------------------------------X

    PHILIP J. DeBERNARDIS, an attorney duly admitted to practice law before the courts of

the State of New York, hereby affirms the following under the penalties of perjury:

    1.     That he is an attorney associated with the law office of ROBIN, HARRIS, KING,

FODERA & RICHMAN, the attorneys for moving defendants, BENNET TRUCK

TRANSPORT, LLC. sued herein as "BENNETT TRUCK TRANSPORTATION" and EDDIE

HOWARD herein.

    2.     That on April 23, 2007, this office sent a letter to the attorney for plaintiffs,

**Exhibit B**, requesting that plaintiffs comply with our request for total damages pursuant to CPLR

3017(c).

    3.     That no response was received thus necessitating the making of this Motion.

    WHEREFORE, your affirmant respectfully requests that the present application

be in all respects granted.

Dated: New York, New York
       August 13, 2007

                                _____
                                PHILIP J. DeBERNARDIS

AB220-138379-01; 49201/1C; PJD; jh

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA

<table>
<tr><td>Plaintiffs</td><td>**VERIFIED ANSWER**</td></tr>
<tr><td>-against-</td><td></td></tr>
<tr><td></td><td>Index #117031/06</td></tr>
</table>

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD,

Defendants
-------------------------------------------------------------x

Defendants, BENNET TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK

TRANSPORTATION and EDDIE HOWARD, appearing herein by ROBIN, HARRIS, KING,

FODERA & RICHMAN, their attorneys, answering the Complaint of the plaintiffs herein:

## ANSWERING A FIRST CAUSE OF ACTION

1.    Denies any knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs designated "1", "2", "32", "34", "35", "47" and "48" of

the Complaint.

2.    Denies each and every allegation contained in paragraphs designated "3", "5", "6",

"7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "27", "29", "30", "31", "33", "36", "37",

"38", "39", "40", "41", "42", "43", "44", "45", "46" and "49" of the Complaint.

3.    Denies each and every allegation contained in paragraphs designated "17", "18"

and "19" of the Complaint and begs leave to refer all questions of law to the Court.

4.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "21", "22", "23" and "24" of the Complaint and begs leave to refer all questions of law to the Court.

5.     Denies each and every allegation contained in paragraphs designated "25", "26" and "28" of the Complaint except admits that at all times hereinafter mentioned defendant EDDIE HOWARD operated the aforementioned vehicle pursuant to the Standard Independent Contractor Owner/Operator Agreement as generally recognized in the transportation industry to which defendants are parties.

## ANSWERING A SECOND CAUSE OF ACTION

6.     Defendants repeat and reiterate all of the admissions and denials contained in the foregoing Answer with reference to those paragraphs repeated and reiterated in paragraph designated "50" of the Complaint.

7.     Denies each and every allegation contained in paragraphs designated "51", "52", "53", "54", "55", "56", "57" and "60" of the Complaint.

8.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated  "58" and "59" of the Complaint.

## ANSWERING A THIRD CAUSE OF ACTION

9.     Defendant repeats and reiterates all of the admissions and denials contained in the foregoing Answer with reference to those paragraphs repeated and reiterated in paragraph designated "61" of the Complaint.

10.     Denies each and every allegation contained in paragraphs designated "62", "63" and "64" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS ALLEGE UPON INFORMATON AND BELIEF:

11.    That the accident alleged in the Complaint and the injuries and damages alleged therein to have been incurred by the plaintiff were proximately caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiffs herein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

12.    That the injuries and damages allegedly sustained by the plaintiff, if any, were contributed to or caused by the failure of said plaintiff to use the seatbelt and other safety restraining equipment provided in the motor vehicle.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

13.    That if the answering defendants are held liable in this case, their liability is limited pursuant to Article 16 of the CPLR to their equitable share determined with the relative culpability of each person or party causing or contributing to the total liability of non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

14.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainly be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545[c] of the New York City Practice Law and Rules.

15.    If any damages are recoverable against these said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiffs have or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT OF THE PLAINTIFFS HEREIN, AS TO DEFENDANT BENNETT TRUCK TRANSPORT, LLC

16.    That pursuant to the Standard Independent Contractor Owner/Operator Agreement as generally recognized in the transportation industry, the vehicle alleged to have been involved in the incident which is the subject of this action was and is only subject to such control by Bennett Truck Transport, LLC as is required under applicable federal regulations governing such owner/operator lease agreements.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF ELVIS BONILLA, DEFENDANTS ALLEGE:

17.    That if the plaintiff MICHAEL ESPAILLAT, an infant, sustained the injuries and damages alleged in the plaintiffs' Complaint in the manner therein alleged, all of which has been denied by the defendants, through any fault other than his own, then such injuries and damages were caused by the active, affirmative and primary negligence of plaintiff ELVIS BONILLA.

18.    That by reason of the foregoing, the defendants are or will be entitled to have judgment over and against the plaintiff ELVIS BONILLA, in whole or in part as to any sum awarded to the plaintiff MICHAEL ESPAILLAT, an infant, against the defendants BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD.

WHEREFORE,  defendants BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD demand judgment dismissing the Complaint of the plaintiffs with costs and disbursements or in the event that plaintiff MICHAEL

ESPAILLAT, an infant, recovers any sum against the defendants, then the defendants demand

judgment over and against the plaintiff ELVIS BONILLA as to any amount awarded to the

plaintiff MICHAEL ESPAILLAT, an infant, together with the costs and disbursements of the

defense of this action.

Dated: New York, New York
      January 3, 2007

                         Yours, etc.,

                         ROBIN, HARRIS, KING, FODERA
                         & RICHMAN
                         Attorneys for Defendants
                         Bennett Truck Transport, LLC s/h/a
                         Bennett Truck Transportation and
                         Eddie Howard
                         One Battery Park Plaza - 30th Floor
                         New York, New York  10004
                         (212) 487-9701

                         By: _____
                              PHILIP J. DeBERNARDIS

TO:    Law Offices of MICHAEL S. LAMONSOFF
        Attorneys for Plaintiffs
        80 Maiden Lane - 12th Floor
        New York, NY  10038
        (212) 962-1020

## ATTORNEY VERIFICATION

PHILIP J. DeBERNARDIS, an attorney associated with ROBIN, HARRIS, KING, FODERA & RICHMAN, the attorneys for the defendant herein, with offices at One Battery Park Plaza, Suite 3018, in the City of New York, County of New York affirms the truth of the following; that he has read the foregoing Answer to Complaint and knows the contents thereof, and that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the reason why this verification is made by deponent and not by the defendant is that defendant is a foreign corporation. That the sources of deponent's information and the grounds of his belief as to all matters in the foregoing answer not therein stated upon his knowledge are records, reports and correspondence in connection with this matter reviewed by your deponent.

Dated: New York, New York
        January 3, 2007

PHILIP J. DeBERNARDIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA

                              Plaintiffs

                    -against-

BENNETT TRUCK TRANSPORTATION and EDDIE
HOWARD,

                              Defendants
-----------------------------------------------------------------------x

**DEMAND FOR
VERIFIED BILL
OF PARTICULARS**

Index #117031/06

COUNSELORS:

        PLEASE TAKE NOTICE, that you are required to serve upon the undersigned a Verified

Bill of Particulars of the plaintiff's claim herein, within thirty (30) days from the date of service

hereof, setting forth in detail the following:

1       The residence address of each plaintiff at the time of the alleged occurrence and at
        present.

2.      The date of birth of each plaintiff.

3.      The social security number of each plaintiff.

4.      The date and time of day of the alleged occurrence.

5.      The location of the alleged occurrence in sufficient detail to permit identification.

6.      The specific acts and/or omissions constituting the negligence claimed.

7.      Identify each and every ordinance, regulation, and statute that the defendant is claimed to
        have violated.

8.      Describe the injuries sustained by the plaintiff(s), indicating the exact location, nature,
        extent and duration of each injury, their sequalae, and a description of those claimed to be
        permanent.

9.      State whether said plaintiff(s) claims any limitation of motion, loss of use, or loss of
        function as a result of the injuries alleged, and if so state the nature, extent and degree of
        permanency thereof.

10.   Set forth the names and addresses of:

    (a)   All hospitals where said plaintiff was treated and/or confined as a result of the alleged occurrence, and state the length of time plaintiff was treated or confined in said hospital or hospitals including the dates of admission and discharge.

    (b)   All physicians or other medical providers who treated the plaintiff as a result of the alleged occurrence.

11.   State the length of time said plaintiff was confined to (a) bed, and (b) home, following the alleged occurrence, and state the dates of the confinement.

12.   State the length of time plaintiff claims to have been:

    (a)   totally disabled;
    (b)   partially disabled;
    (c)   unable to pursue his/her usual occupation.

13.   Set forth the amounts claimed to have been sustained as special damages for:

    (a)   physician's services;
    (b)   medical supplies;
    (c)   hospital expenses;
    (d)   nurse's services;
    (e)   X-ray expenses;
    (f)   property damage.

14.   State said plaintiff's occupation, and the name and address of plaintiff's employer:

    (a)   at the time of the accident;
    (b)   and at the present time.
    (c)   If plaintiff was self-employed or engaged in some other pursuit, so state and give the address.

15.   State (a) the length of time, giving specific dates, said plaintiff was incapacitated from employment or from attending to his/her usual duties and vocation as a result of the alleged occurrence; (b) the amount of earnings or wages claimed to have been lost and (c) the rate of wages or basis of remuneration received by the plaintiff.

16.   If plaintiff was a student at the time of the alleged occurrence, set forth the name and address of plaintiff's school, the plaintiff's grade level at said school, and the length of time plaintiff was unable to attend school.

17.   If loss services, society and consortium is claimed, set forth:

(a)   the length of time claimed for said loss;
(b)   the relationship of the plaintiff to the
       injured party;
(c)   the particular services claimed to have been
       lost or otherwise impaired.

18.   Itemize the alleged damage to plaintiff's automobile, together with the cost of repair or
replacement of each item, indicating whether repaired or replaced.

19.   State the make, model and year of manufacture of plaintiff's automobile and the
reasonable market value of same immediately prior to the alleged accident and
immediately after the alleged accident.

20.   State the dates on which plaintiff claims he lost the use of his automobile, together with
the money damages claimed herefor.

PLEASE TAKE FURTHER NOTICE, that in the event you fail to furnish said bill of

particulars within the said period of twenty (20) days, a motion will be made for an Order

precluding the plaintiff from offering any evidence at the trial of the above action for which

particulars have not been furnished.

Dated: New York, New York
         January 4, 2007

                              Yours, etc.,

                              ROBIN, HARRIS, KING, FODERA
                              & RICHMAN
                              Attorneys for Defendants
                              Bennett Truck Transport, LLC s/h/a
                              Bennett Truck Transportation and
                              Eddie Howard
                              One Battery Park Plaza - 30th Floor
                              New York, New York 10004
                              (212) 487-9701

                              By: _____
                                   PHILIP J. DeBERNARDIS

TO:   Law Offices of MICHAEL S. LAMONSOFF
       Attorneys for Plaintiffs
       80 Maiden Lane - 12th Floor
       New York, NY 10038
       (212) 962-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA,

|  |  |
|---|---|
| Plaintiffs | **COMBINED DEMANDS** |
| -against- | Index #117031/06 |

BENNETT TRUCK TRANSPORTATION and EDDIE
HOWARD,

Defendants
-----------------------------------------------------------------------x
COUNSEL:

PLEASE TAKE NOTICE that defendant(s), by its/his/her/their attorneys, Law

Offices of Robin, Harris, King, Fodera & Richman, hereby demand(s), pursuant to CPLR Article

31, The Uniform Rules for New York State Trial Courts and the applicable case law, the

production to said attorney at One Battery Park Plaza - Suite 3018, New York, New York 10004,

within thirty (30) days of the date of service hereof, the following:

## A.    DEMAND FOR EMPLOYMENT RECORD AUTHORIZATIONS

1.    the names and addresses of all of plaintiff's employers for the five (5) year
period prior to the date of the accident and up to the present date,
including the dates of employment for each such employer; and

2.    duly executed and acknowledged original written authorizations* which
permit the this defendant to obtain a complete copy of the employment
records for the plaintiff from each of the employers identified in paragraph
numbered "1" above.
(**\*Authorizations to be HIPAA compliant to include permission for
Robin, Harris, King, Fodera & Richman and/or Liberty Mutual
Insurance Company to obtain the records**)

## B.    DEMAND FOR MEDICAL INFORMATION, REPORTS AND AUTHORIZATIONS

1.    the names and addresses of all physicians, therapists or other health-care

providers of every description who have consulted, examined or treated plaintiff for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the complaint, including the dates of such consultations, examinations or treatments;

2.  duly executed and acknowledged original written authorizations* separately directed to any hospital, clinic or health care facility, including, but not limited to, Emergency Medical Service (EMS) or any ambulance service, in which plaintiff herein was or continues to be treated or confined due to the occurrence set forth in the complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests, and reports regarding x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests and all technicians' reports.
    **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

3.  duly executed and acknowledged original written authorizations* which allow this defendant to obtain the complete office medical records, including x-rays, EKGs, CAT scans, MRIs and other diagnostic tests and any reports regarding x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests, relating to plaintiff, of each physician or health care provider identified in response to "1" above.
    **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

4.  copies of all medical reports, records, narrative records and statements received from physicians or health care providers identified in response to "1" above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action, referring to and identifying those x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests and reports regarding the x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests which will be offered at the trial of this action;

5.  duly executed and acknowledged original written authorizations* which allow this defendant to obtain complete pharmacy, drug store and/or surgical supply records with respect to any drugs, surgical supplies and/or prostheses prescribed for plaintiff from one (1) year prior to the occurrence described in the complaint to the present date.
    **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

6.  within the time period of the date of the occurrence to the present, true and

accurate copies of all bills, invoices and statements for medical treatment of every description, or any bills, invoices and statements incidental to medical treatment of every description, including, but not limited to, bills, invoices and statements for drugs, medication or pharmaceuticals of every description, relating to the injuries (to plaintiff) allegedly caused or exacerbated by the occurrence described in the complaint;

7.    if it is claimed that the occurrence alleged in the complaint exacerbated and/or aggravated any physical or mental condition of plaintiff herein, set forth specifically each and every physical or mental condition it is claimed was exacerbated and/or aggravated and set forth the names and addresses of each and every physician or other health-care provider of every description who has consulted, examined and/or treated plaintiff with relation to the physical or mental condition which was allegedly exacerbated and/or aggravated by the occurrence alleged in the complaint;

8.    duly executed and acknowledged original written authorizations* directed to any hospital, clinic or health care facility, including, but not limited to, Emergency Medical Service (EMS) or any ambulance service, in which plaintiff herein was treated, examined and/or confined prior to the date of the occurrence alleged in the complaint with relation to any physical or mental condition of plaintiff that was allegedly exacerbated and/or aggravated by the occurrence alleged in the complaint which permit this defendant to obtain a complete record, relating to the plaintiff, including x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests and reports regarding x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests.
      **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

9.    duly executed and acknowledged written authorizations* which allow this defendant to obtain the complete office medical records, including x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests and reports regarding x-rays, EKGs, EMGs, CAT scans, MRIs and other diagnostic tests or each physician or health care provider identified in response to "7" above.
      **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

10.   copies of all medical reports, records, narrative records and statements received from physicians or health care providers identified in response to "7" above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action, referring to and identifying those x-rays, EKGs, CAT scans, MRIs and other diagnostic tests and reports relating to x-rays, EKGs, EMGs, CAT

scans, MRIs and other diagnostic tests and technicians' reports which will be offered at the trial of this action; and

11.    in the case of death, duly executed and acknowledged written authorizations* which allow this defendant to obtain the complete Medical Examiner's records and reports, including the autopsy report, with respect to the decedent.
**(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

12.    original authorization* directed to each pharmacy from which the plaintiff purchased medications or devices prescribed for the injury or the condition claimed in this law suit setting forth thereon the full name and address of each said pharmacy permitting the release by said pharmacy to this defendant of all pharmaceutical records concerning prescriptions filled by it for the plaintiff from the date of the accident to date.
**(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## C.   DEMAND FOR COLLATERAL SOURCE INFORMATION PURSUANT TO CPLR 3101, 3120 AND 4545

1.    A verified statement as to whether all or any part of the past or future cost or expense of medical care, dental care, custodial care, rehabilitation services, loss of earnings, economic losses, or other loss sought to be recovered in this action was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as, but not limited to, insurance (except life insurance), social security (except those benefits provided under Title XVIII of the social security act), workers' compensation, or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiffs and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed item of economic loss was or will, with reasonable certainty, be replaced or indemnified by each such organization or program.

2.    duly executed and acknowledged written authorizations* required to permit this defendant to obtain all records reflecting any collateral sources or payments, past or future, identified in response to the foregoing demand.
**(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## D.    DEMAND FOR WORKERS COMPENSATION RECORDS

1.    duly executed and acknowledged original written authorizations* which permit this defendant to obtain plaintiff's Workers' Compensation records which pertain to:

**(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

a.    the occurrence alleged in the complaint,

b.    the injuries, damages and/or losses alleged in the complaint,

c.    prior and subsequent injuries to the parts of plaintiff's body injured in the accident which is the subject of plaintiff's complaint, and

d.    for other injuries and accidents which limited plaintiff's ability to work which occurred prior to or subsequent to the accident which is the subject of this action.

2.    With respect to any insurance company which provides or will provide to plaintiff benefits for any disability relative to the occurrence alleged in the complaint, duly executed and acknowledged original written authorizations* required to permit this defendant to obtain the file, relative to plaintiff with regard to such benefits, maintained by said insurance companies.  Said authorizations should include, without limitation, the pertinent file/claim number maintained by said insurance companies. **(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## E.    DEMAND FOR DISABILITY CLAIMS RECORDS

1.    duly executed and acknowledged original written authorizations* which permit defendant  Disability records which pertain to:

**(\*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

a.    the occurrence alleged in the complaint,

b.    the injuries, damages and/or losses alleged in the complaint,

c.    prior and subsequent injuries to the parts of plaintiff's body injured in the accident which is the subject of plaintiff's complaint, and

d.    for other injuries and accidents which limited plaintiff's ability to work which

occurred prior to or subsequent to the accident which is the subject of this action.

2. With respect to any insurance company which provides or will provide to plaintiff benefits for any disability relative to the occurrence alleged in the complaint, duly executed and acknowledged original written authorizations* required to permit this defendant to obtain the file, relative to plaintiff with regard to such benefits, maintained by said insurance companies. Said authorizations should include, without limitation, the pertinent file/claim number maintained by said insurance companies. **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## F.   DEMAND FOR SOCIAL SECURITY RECORDS

1. duly executed and acknowledged original written authorizations* which permit this defendant to obtain plaintiff's Social Security Records, including but not limited to SSI and SSD, which pertain to: **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

    a.       the occurrence alleged in the complaint,

    b.       the injuries, damages and/or losses alleged in the complaint,

    c.       prior and subsequent injuries to the parts of plaintiff's body injured in the accident which is the subject of plaintiff's complaint, and

    d.       for other injuries and accidents which limited plaintiff's ability to work which occurred prior to or subsequent to the accident which is the subject of this action.

## G.   DEMAND FOR THE RECORDS OF MEDICAID, MEDICARE AND OTHER SIMILAR PROGRAMS

1. duly executed and acknowledged original written authorizations* which permit this defendant to obtain the records maintained by Medicaid, Medicare, and other similar programs, which pertain to: **(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

    a.       the occurrence alleged in the complaint,

    b.       the injuries, damages and/or losses alleged in the complaint,

c.           prior and subsequent injuries to the parts of plaintiff's body injured in the accident which is the subject of plaintiff's complaint, and

d.           for other injuries and accidents which limited plaintiff's ability to work which occurred prior to or subsequent to the accident which is the subject of this action.

## H.  DEMAND FOR NO-FAULT RECORDS

1.      duly executed and acknowledged original written authorizations* which permit this defendant to obtain plaintiff's No-Fault records which pertain to:
**(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

a.           the occurrence alleged in the complaint,

b.           the injuries, damages and/or losses alleged in the complaint,

c.           prior and subsequent injuries to the parts of plaintiff's body injured in the accident which is the subject of plaintiff's complaint, and

d.           for other injuries and accidents which limited plaintiff's ability to work which occurred prior to or subsequent to the accident which is the subject of this action..

2.      With respect to any insurance company which provides or will provide to plaintiff any benefits relative to the occurrence alleged in the complaint, duly executed and acknowledged original written authorizations* required to permit this defendant to obtain the file, relative to plaintiff with regard to such benefits, maintained by said insurance companies. Said authorizations should include, without limitation, the pertinent file/claim number maintained by said insurance companies.
**(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## I.  DEMAND FOR INCOME INFORMATION AND AUTHORIZATION FOR IRS RECORDS

1.      True and accurate copies of documentation reflecting income earned by plaintiff for five (5) years prior to the occurrence alleged in the complaint and up to the present date, including, but not limited to, W-2 Forms, 1099 Form, and any other indicia of income earned;

2.    true and accurate copies of Federal, State and City income tax returns for plaintiff for five (5) years prior to the occurrence alleged in the complaint and up to the present date; and

3.    duly executed and acknowledged written authorizations required to permit this defendant to obtain Internal Revenue Service records, documents and returns relative to plaintiff for five (5) years prior to the occurrence alleged in the complaint and up to the present date. Please use authorization form 4506 for this purpose. For each plaintiff, include photocopies of two (2) pieces of identification bearing each plaintiff's signature, i.e., social security card, drivers license and/or passport

## J.    DEMAND FOR SCHOOL RECORDS AUTHORIZATIONS

Duly executed and acknowledged written authorizations* required to permit this defendant to obtain plaintiff's complete school records, including, without limitation, attendance records, grade achievements, physical examinations, extracurricular activities information, gym/athletic/physical education records and the complete student file for plaintiff for each school attended from five (5) years prior to the occurrence alleged in the complaint, the year of said occurrence and up to the present date.

**(*Authorizations to be HIPAA compliant to include permission for Robin, Harris, King, Fodera & Richman and/or Liberty Mutual Insurance Company to obtain the records)**

## K.    DEMAND FOR INDEX NUMBER

Pursuant to CPLR Section 306a and 22 NYCRR Section 202.5, plaintiff must purchase and provide to said attorney for defendant index number for this action.

## L.    DEMAND TO PRODUCE STATEMENT OF PARTY PURSUANT TO CPLR SECTIONS 3103(E) AND 3120

True and accurate copies of all statements, signed or unsigned, recorded on tape electronically or otherwise, made by this defendant, or their agents, servants and/or employees, taken by, or on behalf of, or in the possession of, any party in this action or their attorney.

If there are no such statements, please so state in a sworn reply to this demand.

## M.    DEMAND PURSUANT TO CPLR 2103(e)

A list of those parties who have appeared in this action together with the names and addresses of their attorney.

## N.    DEMAND FOR ACCIDENT REPORTS

True and accurate copies of any reports of the occurrence alleged in the complaint.

## O.    DEMAND FOR THE NAMES AND ADDRESSES OF ALL WITNESSES

The names and addresses of each person known and/or claimed by any party to be a witness to any of the following:

    (a)    the occurrence alleged in the complaint,

    (b)    any acts, omissions or conditions which allegedly caused or contributed to causing the occurrence alleged in the complaint,

    (c)    any actual notice allegedly given to this defendant or their agents, servants or employees, or any other person, entity or party to this action, of any conditions which allegedly caused or contributed to causing the occurrence alleged in the complaint,

    (d)    the nature and duration of any alleged condition which allegedly caused or contributed to causing the occurrence alleged in the complaint,

    (e)    any repairs, at any time, made to the alleged location/condition which allegedly caused the occurrence alleged in the complaint, and

    (f)    the alleged injuries, losses and/or damages.

If no such witnesses are known or claimed by the party you represent, so state in a sworn reply to the above demands.

## P.    NOTICE FOR DISCOVERY AND INSPECTION

1.    true and accurate copies of each and every recorded/written complaint and/or notice, including, but not limited to, any work tickets made to and/or from this defendant with respect to the condition alleged in the complaint to have caused or contributed to the occurrence alleged in the complaint;

2.    true and accurate copies of any reports or other writings prepared by or made to the police or any other governmental officers or agencies in connection with the occurrence alleged in the complaint;

3.    all photographs of the scene of the incident/occurrence alleged in the complaint, as said scene existed at the time of the incident/occurrence alleged in the complaint;

4.    all photographs of the plaintiff/decedent depicting the injuries allegedly sustained as a result of the occurrence alleged in the complaint;

5.    all photographs of all vehicles, instrumentalities and/or objects involved in the incident/occurrence alleged in the complaint;

6.    true and accurate copies of all transcripts of any hearings and/or depositions concerning the occurrence alleged in the complaint;

7.    true and accurate copies of all Notices of Claims served in this action;

8.    true and accurate copies of the documents referred to by plaintiff during testimony of plaintiff taken pursuant to Section 50-h of the General Municipal Law;

9.    a true and accurate copy of the agreement to rent, if any, which was in effect between plaintiff/decedent and this defendant on the date of the occurrence alleged in the complaint;

10.   a true and accurate copy of plaintiff's birth certificate and social security card;

11.   a true and accurate copy of the

       a.    decedent's death certificate;

       b.    decedent's Letters of Administration or Executorship;

       c.    decedent's Will; and

       d.    decedent's autopsy report.

12.   a duly executed and acknowledged  written authorizations to allow this defendant to obtain any testimony in any criminal proceeding involving the assailant, including without limitation Grand Jury testimony or trial testimony, with all identifying information permitting location of said testimony relative to criminal proceedings, if any, resulting from the occurrence alleged in the complaint;

13.   copies of all claims and pleadings served upon any other person or entity, including the parties to this action, in any other action or occurrence in which the injuries or damages as alleged herein are in issue.

14.   copies of any and all contracts, agreements, leases, bills, work progress reports, daily logs or work orders or any communication exchanged by and between any party to this action in relation to or in effect on the date of this occurrence referred to in plaintiff's complaint for the accident site

referred to in plaintiff's complaint.

15.    if a claim for loss of services is involved supply a copy of the marriage certificate with regard to any spouse who is a party to the action, and any divorce or separation decree, and if an infant involved, the infant's birth certificate.

16.    purchase, maintenance and repair records for the instrumentality, device, machine, tool, etc. involved in the alleged occurrence, including but not limited to :automobiles, bicycles, elevators, escalators, doors, etc. for the period three(3) years prior to and six(6) months subsequent to the alleged occurrence.

## Q.    DEMAND FOR EXPERT WITNESS INFORMATION PURSUANT TO CPLR SECTION 3101(d)

1.    the names and addresses of each person that plaintiff expects to call to give expert testimony at the trial of this action;

2.    disclosure, in reasonable detail, of the qualifications, including, but not limited to, educational background and degrees, academic experience, publications, memberships in professional organizations, societies and associations, certifications and licenses, and employment history and work experience, of each person that plaintiff expects to call to give expert testimony at the trial of this action;

3.    for each person that plaintiff expects to call to give expert testimony at the trial of this action, disclosure, in reasonable detail, of the facts upon which the expert will rely in formulating his opinions and conclusions, and, the source or sources of the expert's knowledge concerning such facts, including, but not limited to, where applicable, the statistics, studies, surveys, reports, test results, analyses and all other source material relied upon by the expert;

4.    for each person that plaintiff expects to call to give expert testimony at the trial of this action, disclosure, in reasonable detail, of the subject matter of the testimony, including, but not limited to, the opinions to which the expert is expected to testify, the conclusions to which the expert is expected to testify, and, the grounds for the opinions and conclusions to which the expert is expected to testify;

5.    attach a complete copy of each expert's report, including photographs, exhibits, diagrams, charts and any other material prepared by this expert in connection with his retainer;

6.    attach a complete copy of each expert's curriculum vitae and/or resume;

7.   state whether any of the named experts have previously testified on behalf of your law office in other litigation.  If so, provide case name and index number;

8.   with respect to physicians or other medical providers, for each person that plaintiff expects to call to give expert testimony at the trial of this action, disclosure, in reasonable detail of (in addition to all of the above) the following:

   a.   whether the expert is licensed in this state;

   b.   whether the expert is licensed to practice medicine in any other state;

   c.   whether the expert is certified in a specialty in this state or any other state and, if so, set forth the specialties;

   d.   whether the expert has authored any medical books, treatises, articles, publications and/or written materials in the field of his/her expertise and, if so,  set forth the name and date of said books, treatises, articles, publications and/or written materials;

   e.   a description of every medical, dental and/or hospital record, report, note and/or chart upon which the expert will rely;

   f.   a list of the names and dates of all books, treatises, articles, publications and/or written materials upon which the expert will rely.

9.   In the event no such experts are expected to be called as expert witnesses at the trial of this action, then a sworn statement to that effect is hereby demanded to be produced.

**R.   DEMAND FOR COPIES OF INSURANCE CONTRACT AND AGREEMENTS**

A copy of each insurance contract and/or agreement under which any person carrying on insurance business may be liable to satisfy part or all of a judgment which may be entered in this action against the party you represent or may be responsible to indemnify or reimburse the party you represent, in whole or in part, for any payment made to satisfy the judgment which may be entered herein against the party you represent, including but not limited to excess and additional coverage.

PLEASE TAKE NOTICE that the above demands are continuing demands and all responsive information that is made known or becomes available after service of the above

demands shall be furnished to the undersigned attorney in a timely fashion.

PLEASE TAKE FURTHER NOTICE that this defendant will move at the time of trial or prior thereto, for an order precluding the giving of testimony by any witness for whom full and complete information had not been furnished in compliance with the above demands. Further, the failure to fully comply with the above demands in a timely fashion may also be grounds for an order striking the complaint, dismissing the action, moving to compel compliance and/or such other relief as the Court deems just under the circumstances.

Dated: New York, New York
      January 4, 2007

                    Yours, etc.,

                    ROBIN, HARRIS, KING, FODERA
                    & RICHMAN
                    Attorneys for Defendants
                    Bennett Truck Transport, LLC s/h/a
                    Bennett Truck Transportation and
                    Eddie Howard
                    One Battery Park Plaza - 30th Floor
                    New York, New York  10004
                    (212) 487-9701

                    By: _Philip J. De Bernardis_
                        PHILIP J. DeBERNARDIS

TO:    Law Offices of MICHAEL S. LAMONSOFF
       Attorneys for Plaintiffs
       80 Maiden Lane - 12th Floor
       New York, NY 10038
       (212) 962-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA,

                                     Plaintiffs

               -against-

BENNETT TRUCK TRANSPORTATION and EDDIE
HOWARD,

                                  Defendants
-----------------------------------------------------------------------x
COUNSEL :

**NOTICE FOR
PHYSICAL
EXAMINATION**

Index #117031/06

        PLEASE TAKE NOTICE, that pursuant to the Rules governing physical examinations and exchange of medical information, the defendant in the above-entitled action desires to conduct physical examination(s) of the plaintiff(s) in the above entitled action.

        Such examination(s) shall be conducted by doctor(s) selected by this defendant at the doctor(s) office(s) on a mutually convenient time and date after a deposition(s) of the plaintiff(s) has been conducted.

        PLEASE TAKE FURTHER NOTICE, that no physical examinations will be scheduled until a minimum of thirty (30) days after service and receipt by this defendant of all bills of particulars, x-rays, and records of all physicians, hospitals, chiropractors, therapists and/or other health care providers who have previously treated or examined the plaintiff(s).

        PLEASE TAKE FURTHER NOTICE, that no physical examination(s) will be scheduled until a minimum of thirty (30) days after service and receipt by this defendant of duly executed and acknowledged original written authorizations permitting this defendant to obtain and make copies of all records and reports including any x-ray, CT scan or MRI <u>film</u> of any

physician, hospital, chiropractor, therapist and/or other health care providers who have

previously treated or examined the plaintiff(s). These authorizations shall contain the health care

providers complete name and address as well as the social security number of the plaintiff and

the dates of treatment.

Dated: New York, New York
      January 4, 2007

              Yours, etc.,

              ROBIN, HARRIS, KING, FODERA
              & RICHMAN
              Attorneys for Defendants
              Bennett Truck Transport, LLC s/h/a
              Bennett Truck Transportation and
              Eddie Howard
              One Battery Park Plaza - 30th Floor
              New York, New York  10004
              (212) 487-9701

              By: _____
                    PHILIP J. DeBERNARDIS

TO:    Law Offices of MICHAEL S. LAMONSOFF
       Attorneys for Plaintiffs
       80 Maiden Lane - 12th Floor
       New York, NY  10038
       (212) 962-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA,

<table>
<tr><td>Plaintiffs</td><td>**NOTICE FOR EXAMINATION BEFORE TRIAL**</td></tr>
<tr><td>-against-</td><td>Index #117031/06</td></tr>
<tr><td>BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD,</td><td></td></tr>
<tr><td>Defendants</td><td></td></tr>
</table>

------------------------------------------------------------------------x
COUNSELOR :

　　　　PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules

the testimony, upon oral examination of all adverse parties will be taken before a Notary Public

who is not an attorney, or employee of an attorney, for any party or prospective party herein and

is not a person who would be disqualified to act as a juror because of interest or because of

consanguinity or affinity to any party herein, at the Law Office of ROBIN, HARRIS, KING,

FODERA & RICHMAN,  One Battery Park Plaza - Suite 3018, New York, NY 10004, on

**March 14, 2007** at 10:00 a.m. o'clock with respect to evidence, material and necessary in the

defense of this action:

　　　　All of the relevant facts and circumstances in connection with the accident which

occurred on, including negligence, contributory negligence, liability and damages.

Dated: New York, New York
　　　　January 4, 2007

Yours, etc.,

ROBIN, HARRIS, KING, FODERA
& RICHMAN
Attorneys for Defendants
Bennett Truck Transport, LLC s/h/a
Bennett Truck Transportation and
Eddie Howard
One Battery Park Plaza - 30th Floor
New York, New York 10004
(212) 487-9701

By: _Philip J. DeBernardis_
     PHILIP J. DeBERNARDIS

TO:     Law Offices of MICHAEL S. LAMONSOFF
        Attorneys for Plaintiffs
        80 Maiden Lane - 12th Floor
        New York, NY 10038
        (212) 962-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his
Father and Natural Guardian, ELVIS BONILLA,

                Plaintiffs

    -against-

BENNETT TRUCK TRANSPORATION and EDDIE
HOWARD,

                Defendants
------------------------------------------------------------------------x

**DEMAND FOR**
**AD DAMNUM**

Index # 117031/06

      PLEASE TAKE NOTICE, that pursuant to CPLR Section 3017(c), defendants

BENNETT TRUCK TRANSPORT, LLC s/h/a BENNETT TRUCK TRANSPORATION and

EDDIE HOWARD, hereby demand that plaintiffs, serve upon the undersigned, within fifteen

(15) days from the date of service hereof, a supplemental demand for relief setting forth the total

damages to which he deems herself entitled.

Dated: New York, New York
      January 4, 2007

                Yours, etc.,

                ROBIN, HARRIS, KING, FODERA
                & RICHMAN
                Attorneys for Defendants
                Bennett Truck Transport, LLC s/h/a
                Bennett Truck Transportation and
                Eddie Howard
                One Battery Park Plaza - 30th Floor
                New York, New York 10004
                (212) 487-9701

        By: _____
                PHILIP F. DeBERNARDIS

TO:    Law Offices of MICHAEL S. LAMONSOFF
        Attorneys for Plaintiffs
        80 Maiden Lane - 12th Floor
        New York, NY 10038
        (212) 962-1020

COPY

LAW OFFICES
OF

**ROBIN, HARRIS, KING, FODERA & RICHMAN***
ONE BATTERY PARK PLAZA 30TH FLOOR
NEW YORK, NEW YORK 10004-1437
TELEPHONE (212) 487-9701
FAX: (212) 425-0472

HOWARD S. ROBIN
JEFFREY J. HARRIS
THOMAS J. KING
RICHARD J. FODERA
JEFFREY L. RICHMAN

LOUIS J. SCHEPP
STEVEN G. KOKULAK
DOREEN J. CORREIA
DIANE L. DeVITA
BRIAN S. LIFERIEDGE
MICHAEL P. BECKLEY
LOROTHEA M. PLUNKETT
DAWN K. GILBERT
VINCENT A. BRESCIA
GREGORY D. V. HOLMES

KEITH A. NEZOWITZ
DANIELLE M. PETERSON
KAREN W. McFARLANE
PHILIP J. DeBERNARDIS
CHARLES V. HYDE
WILLIAM J. CARIELLO, III
KEVIN J. McGINNIS
JOSEPH B. KUROLY
JERRY J. HESS

SUBROGATION COUNSEL
MARK S. LABE

LEGAL OFFICE MANAGER
MAUREEN HANS

April 23, 2007

Law Offices of Michael S. Lamonsoff
80 Maiden Lane - 12th Floor
New York, NY 10038

Re:    Bonilla v. Bennett Truck, et ano
       218-49201/1C

Dear Counselors:

Please be advised that we have not yet received responses to our Demand for Verified Bill of Particulars, Combined Demands or Demand for Ad Damnum, served on your office on January 3, 2007 on the above case. Please provide us with responses to said discovery demands within the next twenty (20) days in order to avoid unnecessary motion practice.

Thank you for your prompt cooperation regarding this matter.

Very truly yours,

*Philip J. DeBernardis*

Philip J. DeBernardis

PJD/jh

*A Legal Department of the Liberty Mutual Insurance Group

**EXHIBIT D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

AUG 2 7 2007

ELVIS BONILLA, MICHAEL ESPAILLAT, an
infant by his Father and Natural Guardian, ELVIS
BONILLA.

        Plaintiffs,

        -against-

BENNETT TRUCK TRANSPORTATION and
EDDIE HOWARD.

        Defendants.
------------------------------------------------------------X

**AFFIRMATION
IN OPPOSITION**

Index No.: 117031/06

Diary 8-28-07

    **MICHAEL FITZPATRICK**, an attorney duly admitted to practice before the courts
of this State, and **LAW OFFICES OF MICHAEL S. LAMONSOFF**, attorneys for Plaintiff,
affirms the following to be true under penalty of perjury:

    I am fully familiar with all of the facts and circumstances of the within action, having
in my possession the file maintained by the law firm of **LAW OFFICES OF MICHAEL S.
LAMONSOFF**, containing the pleadings pertinent thereto.

    This affirmation is submitted in response to the within motion seeking to an order
compelling a response to the defendant's demand for a statement of total damages
pursuant to CPLR 3017(c) and for such other relief as may seem just and proper.

    In response to the defendant's demand for a statement as to total damages please be
advised that by reason of the causes of action alleged in the Complaint and the damages
alleged in the Bill of Particulars , the Plaintiffs have been damaged in an amount of **ONE
MILLION ($1,000,000.00) DOLLARS**.

    Therefore plaintiffs demand judgment against the Defendants in sums of **ONE
MILLION ($1,000,000.00) DOLLARS** together with the costs and disbursements of this
action.

    **WHEREFORE**, affirmant respectfully requests that the within motion be denied to
compel be deemed satisfied in all respects,

and that portion of the motion seeking "such other and further relief as this Court may

deem just and proper" be denied.

Dated:              New York, N.Y.
                    August 24, 2007

                                        MICHAEL FITZPATRICK

        Our File No: 9834

Index No. 117031/06
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ELVIS BONILLA, MICHAEL ESPAILLAT, an infant by his Father and Natural
Guardian, ELVIS BONILLA.

      Plaintiffs,

       -against-

BENNETT TRUCK TRANSPORTATION and EDDIE HOWARD.

      Defendants.

## AFFIRMATION IN OPPOSITION

## LAW OFFICES OF MICHAEL S. LAMONSOFF
*Attorneys for Plaintiffs*
**80 Maiden Lane**
**New York, N.Y. 10038**
**(212)962-1020**

TO:  Robin, Harris, King, Yuhas, Fodera & Richman
Attorneys for Defendant(s)
BENNETT TRUCK TRANSP. & EDDIE HOWARD
1 Battery Park Plaza
30th Floor
New York, New York 10004
(212) 487-9701

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK

ss.:

COUNTY OF NEW YORK

    <u>Carmen Rodriguez</u>, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over 18 years of age and is an attorney in the offices of Robin, Harris, King, Fodera & Richman.  On the <u>24th</u> day of <u>September</u> 2007 deponent served the within <u>NOTICE OF REMOVAL</u> upon the respective parties in this action:

**LAW OFFICES OF MICHAEL S. LAMONSOFF**
**Attorneys for Plaintiffs**
**80 Maiden Lane - 12th Floor**
**New York, New York 10038**

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me on
the <u>24</u> day of <u>September</u>  2007

_____
Notary Public

NICOTRA HILL DALEY
NOTARY PUBLIC, State of New York
No.24-5810807
Qualified in Kings County
Commission Expires April 5, 2011